IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTIVA CORAZON, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>AURORA LOAN SERVICES, LLC, a limited liability company, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 11-00542 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE; DENYING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS |

## I.   INTRODUCTION

On January 5, 2011, Plaintiff Estiva Corazon ("Plaintiff" or "Corazon") filed this action in San Francisco County Superior Court against Defendant Aurora Loan Services, LLC ("Aurora") and fifty Doe defendants. ECF No. 1 ("Notice of Removal") Ex. 1 ("Compl."). Aurora removed the action on February 4, 2011. See Notice of Removal. Aurora now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), to strike certain portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f), and to expunge Plaintiff's lis pendens. ECF No. 4 ("Mot."). The Motion is fully briefed. ECF Nos. 13, 15 ("Opp'n" and "Reply," respectively). Pursuant to Civil Local Rule 7-1(b),

the Court finds the Motion suitable for determination without oral argument. For the reasons stated below, the Court GRANTS Aurora's Motion to Dismiss, DENIES AS MOOT Aurora's Motion to Strike, and DENIES WITHOUT PREJUDICE Aurora's Motion to Expunge Lis Pendens.

## II. BACKGROUND

This action concerns alleged illegal business practices relating to a residential mortgage loan. See Compl. The following alleged facts are taken largely from the Complaint, with occasional supplementation from judicially noticed documents. The lack of specifics in some places is due to the dearth of specifics in the Complaint.

Plaintiff owns the real property located at 2 Ulloa Street, San Francisco, California. Id. ¶ 2. She purchased the property in June 2007 using funds borrowed from Residential Mortgage Capital ("RMC"). Id. ¶ 31. The loan terms provided for an original principal balance of $990,000 with an interest rate fixed at 7.125 percent for a five-year introductory period and subject to adjustment thereafter. Id. As security for the loan, Plaintiff executed a deed of trust on the property. Request for Judicial Notice ("RJN") Ex. 1 ("Deed of Trust").[1] The Deed of Trust identified RMC as the lender, Mortgage Electronic Registration

---

[1] Defendant asks the Court to take judicial notice of various documents pertaining to Plaintiff's loan. ECF No. 5. Plaintiff does not oppose the RJN. While generally a court may not consider material beyond the facts alleged in the complaint when deciding a motion to dismiss, the Ninth Circuit has recognized an exception to this rule if "the plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, because Plaintiff's claims depend on the contents of the documents in question and Plaintiff does not dispute their authenticity, the Court GRANTS Defendant's RJN.

2

System, Inc. ("MERS") as the beneficiary, and First National Title as trustee. Id. at 1. On July 27, 2007, Aurora wrote to Plaintiff advising her that Aurora was being assigned the servicing rights of her loan with RMC. RJN Ex. 2 ("Notice of Assignment").

Plaintiff defaulted on her loan in January 2009. Compl. ¶ 35. Immediately thereafter, Plaintiff sought modification of her loan. She entered into two consecutive six-month forbearance agreements with an unspecified defendant,[2] which provided that Plaintiff would make certain payments while her application for loan modification was reviewed. Id. ¶¶ 37-40. Each time, her application was denied. Id. On October 27, 2009 a Notice of Default was recorded by the substituted trustee, Cal-Western Reconveyance Corporation ("CWRC"). Id. ¶ 46; RJN Ex. 3. On January 28, 2010, a Notice of Trustee's Sale was issued by CWRC indicating that the property would be sold on February 17, 2010. Id. ¶ 47; RJN Ex. 4. For reasons unknown to the Court, the scheduled trustee's sale did not take place. The trustee's sale date was rescheduled for January 10, 2011. Id. ¶ 48.

In August 2010, Plaintiff and the unnamed defendant executed a third Special Forbearance Agreement, which provided for Plaintiff to make an initial payment of $11,000 and pay off the remainder of her arrearage in monthly installments through February 2011. Id. ¶ 41. When Plaintiff made her January 2011 payment, it was rejected. Id. ¶ 42. She received a letter along with a return check stating that no forbearance agreement existed. Id.

---

[2] As explained below, Plaintiff's Complaint consistently refers only to "Defendants" or "Defendant." At no point in the Complaint does Plaintiff distinguish which actions were allegedly taken by Aurora and which were allegedly performed by the numerous Doe defendants named in the Complaint.

3

On January 5, 2011, Plaintiff filed this action in San Francisco County Superior Court asserting the following claims: (1) violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq.; (2) violations of California Business and Professions Code § 17200, et seq.; (3) fraud; (4) breach of implied covenant of good faith and fair dealing; (5) conversion; (6) breach of fiduciary duty; (7) breach of contract; (8) violation of California Civil Code § 2913.5; (9) promissory estoppel; (10) negligence; (11) predatory lending in violation of California Financial Code §§ 4970-4979.8; (12) misrepresentation; and (13) violation of California Civil Code § 1632.  Thereafter, Plaintiff also filed a Notice of Pendency of Action, also known as a lis pendens, with the state court with respect to the property at issue.  RJN Ex. 9 ("Lis Pendens"). Aurora removed the case to this Court on February 4, 2011 and filed the instant Motion shortly thereafter.

## III. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a

4

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint need not contain "detailed factual allegations," but it must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949. Thus, a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] [its] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**B.   Motion to Strike**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally regarded with disfavor. Ganley v. County of San Mateo, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

**C.   Motion to Expunge Lis Pendens**

Federal courts look to state law in matters pertaining to lis pendens. See 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The

5

purpose of a lis pendens is to give "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." BGJ Assocs., LLC v. Super. Court, 75 Cal. App. 4th 952, 966 (Ct. App. 1999). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." Id. "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." Id. at 967.

"At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30. Further, pursuant to California Code of Civil Procedure §§ 405.31 and 405.32, a court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim" or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."

## IV. DISCUSSION

### A. Motion to Dismiss

Plaintiff has named Aurora and fifty Doe defendants in her Complaint.[3] However, none of her allegations distinguishes among the defendants. The Complaint is rife with allegations of various wrongdoing by undifferentiated defendants, such as: "Defendants induced Plaintiff to accept this risky loan," Compl. ¶ 21;

---

[3] The only information provided in the Complaint as to the identities of the Doe defendants is the allegation that: "Defendants either: own, have an interest in, control, and/or service the Subject Loan." Compl. ¶ 15.

6

"Defendants' general business practice was to steer borrowers toward a risky loan without adequate disclosure," id. ¶ 20; and "Defendants have failed to properly service the Subject Loan," id. ¶ 23. Aurora is only mentioned by name once in the entire Complaint -- in paragraph four -- wherein Plaintiff alleges that Aurora does business in San Francisco County in the State of California. Id. ¶ 4.

Aurora argues that Plaintiff's failure to differentiate among the defendants fails to provide Aurora with proper notice of the allegations against it as required by Federal Rule of Civil Procedure 8. Mot. at 6. Aurora contends that this "improper lumping of defendants" is alone sufficient grounds for dismissal of the Complaint. Id.

Plaintiff argues in response that "Aurora, the Defendant, is correctly named in the Complaint." Opp'n at 7. This assertion does not properly respond to Aurora's challenge to the Complaint. According to Aurora, the problem with the Complaint is not that Aurora is not a proper defendant, but rather that the Complaint does not provide Aurora with fair notice of the basis for the allegations against it.

The Court agrees with Aurora. "Undifferentiated pleading against multiple defendants is improper." Aaron v. Aguirre, No. 06-CV-1451, 2007 U.S. Dist LEXIS 16667, at *75 n.6 (S.D. Cal. Mar. 8, 2007); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Federal Rule of Civil Procedure 8(a)(2)). Rule 8(a)(2) requires a short and plain statement of the claim to put defendants on sufficient notice of

7

the allegations against them.  Here, Plaintiff simply refers to "Defendants" in nearly all of her allegations.  In the few allegations where she alleges misconduct by a singular defendant, she fails to specify which one.  Some of these allegations against a singular defendant could be fairly read to pertain to Aurora as servicer of Plaintiff's loan.  E.g., Compl. ¶ 43 ("Defendant has accepted payments from the Plaintiff in the past and are [sic] now claiming that there is no Agreement between the Plaintiff and Defendant").  Another, however, refers to the "Defendant" at issue as Plaintiff's "lender," which Aurora was not, and refers to misconduct in the origination of the loan.  See id. ¶ 45 ("Defendant failed to act as a reasonable lender by placing the Plaintiff in risky, unreasonable, and unaffordable loans.").  Aurora should not be required to guess which allegations pertain to it.  By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide Aurora with fair notice of its alleged misconduct.  See In re Sagent Tech., Inc., 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act.")

   Plaintiff's failure to differentiate among defendants is particularly troubling because many of her allegations pertain to the origination, not servicing, of her loan.  See, e.g., Compl. ¶ 19 ("Defendants indicated Plaintiff was properly qualified for the Subject Loan"); ¶ 20 ("Defendants' general business practice was to steer borrowers toward a risky loan without adequate

disclosure of the real risks"); ¶ 21 ("Defendants induced Plaintiff to accept this risky loan"). Plaintiff pleads no facts showing how Aurora, her loan servicer, was involved in the origination of her loan. Instead, she alleges without factual support: "Defendants may not have been directly involved in the origination of the Subject Loan, but . . . the actions of each party are imputed to the Defendants." Id. ¶ 18.

Aurora further contends that the Complaint is a formulaic pleading that fails to provide sufficient factual support for its claims. Mot. at 20. Plaintiff argues in response that the Court must accept as true the allegations of the Complaint and draw reasonable inferences in the Plaintiff's favor. Opp'n at 3 (citing Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005)). Plaintiff further states that she intends to set forth facts in support of her allegations at trial and intends to develop those facts through discovery. Opp'n at 4.

The Court finds that Plaintiff's Complaint fails to plead sufficient facts to state a plausible claim for relief under the standard articulated in Iqbal. Under Iqbal, the Court need only accept as true well-pleaded factual allegations; it need not accept as true "naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949. Plaintiff's Complaint is rife with such naked assertions. Indeed, aside from the two-page section entitled "Specific Allegations," most of the twenty-five page Complaint appears to contain boilerplate assertions untailored to the facts of this case. For example, Plaintiff alleges that "Defendants have failed to properly service the Subject Loan, including . . . pressuring homeowners facing imminent foreclosure to enter into

9

[certain] contracts with oppressive terms." Compl. ¶ 23. This statement is a mere generality with no specifics relating to the instant case. It has long been clear that Rule 8 requires "more than empty boilerplate." <u>Gen-Probe, Inc. v. Amoco Corp.</u>, 926 F. Supp. 948, 962 (S.D. Cal. 1996). Furthermore, even the allegations within the section entitled "Specific Allegations" fail to specify the particular defendant to which they pertain.

Once a plaintiff's well-pleaded complaint survives a motion to dismiss, then the plaintiff is indeed entitled to develop its facts for trial through the discovery process. However, federal pleading requirements mandate that Plaintiff provide at least a modicum of factual support for her claims even at the pre-discovery stage. Plaintiff must plead "enough facts to . . . nudge[] [her] claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. The Court finds that in this case Plaintiff has failed to do so.

Having reviewed each of Plaintiff's thirteen causes of action, the Court finds the allegations supporting them to lack the specificity required to state a proper claim for relief. Plaintiff's failure to indicate which defendant was allegedly responsible for which wrongful act and to provide well-pleaded factual allegations in support of each cause of action renders the Complaint deficient under Rule 8. Accordingly, the Court GRANTS Aurora's Motion and DISMISSES THE COMPLAINT WITH LEAVE TO AMEND.

Lastly, the Court reminds Plaintiff that Federal Rule of Civil Procedure 11(b)(3) requires the signatory to a complaint to certify that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely

10

to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). This certification requirement imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." Business Guides, Inc. v. Chromatic Communications Enter., 111 S. Ct. 922 (1991) (upholding sanctions against party for filing complaint of copyright infringement with no factual basis).

### B. Motion to Strike

In light of this Court's dismissal of Plaintiff's Complaint, the Court DENIES AS MOOT Defendant's Motion to Strike.

### C. Motion to Expunge Lis Pendens

The Court DENIES Aurora's Motion to Expunge the Lis Pendens WITHOUT PREJUDICE until the Court has had an opportunity to consider the merits of Plaintiff's amended complaint, if she chooses to file one. See, e.g., Edwards v. Aurora Loan Servs., LLC, No. 10-CV-00092, 2010 U.S. Dist. LEXIS 68638, at *9 (E.D. Cal. July 9, 2010) (dismissing plaintiff's complaint but denying motion to expunge lis pendens pending filing of amended complaint); Quiroz v. Countrywide Bank, N.A., No. CV-09-5855, 2009 U.S. Dist. LEXIS 111881, *18 (C.D. Cal. Nov. 16, 2009) (same). Defendant may timely renew its Motion to Dismiss and/or Expunge Lis Pendens following Plaintiff's filing of an amended complaint.

///
///
///
///
///
///

11

**V. CONCLUSION**

For the foregoing reasons, the Court DISMISSES Plaintiff Estiva Corazon's Complaint in its entirety WITH LEAVE TO AMEND. The Court DENIES AS MOOT Defendant Aurora Loan Services, LLC's Motion to Strike and DENIES WITHOUT PREJUDICE Defendant's Motion to Expunge Lis Pendens. If Plaintiff chooses to file an amended complaint, it shall be filed within thirty (30) days of this Order. In the event that Plaintiff does not amend her complaint within thirty (30) days, the Court will dismiss this action WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 5, 2011

UNITED STATES DISTRICT JUDGE