IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTIVA CORAZON, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>AURORA LOAN SERVICES, LLC, a limited liability company, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 11-00542 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND EXPUNGE LIS PENDENS |

## I. INTRODUCTION

Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and to Expunge Lis Pendens filed by Defendant Aurora Loan Services, LLC ("Defendant" or "Aurora") against Plaintiff Estiva Corazon ("Plaintiff"). ECF No. 19 ("Mot."). The Motion is fully briefed. ECF Nos. 21 ("Opp'n"), 22 ("Reply"). For the following reasons, the Court GRANTS Defendant's Motion.

## II. BACKGROUND

This action concerns alleged illegal business practices relating to a residential mortgage loan. On January 5, 2011,

1  Plaintiff filed suit in San Francisco County Superior Court against
2  Aurora and fifty Doe defendants.  ECF No. 1 ("Notice of Removal")
3  Ex. 1 ("Compl.").  Plaintiff also filed a Notice of Pendency of
4  Action, or lis pendens, with the state court with respect to the
5  property at issue.  Request for Judicial Notice ("RJN") Ex. 10
6  ("Lis Pendens").[1]  Aurora removed the action on February 4, 2011.
7  See Notice of Removal.  On May 5, 2011, the Court granted Aurora's
8  motion to dismiss the complaint with leave to amend.  ECF No. 16
9  ("May 2011 Order").  Plaintiff filed her FAC on June 3, 2011.  ECF
10 No. 18.  Aurora now moves to dismiss the FAC under Federal Rule of
11 Civil Procedure 12(b)(6).
12    The following alleged facts are drawn from Plaintiff's FAC.
13 Plaintiff owns the real property located at 2 Ulloa Street, San
14 Francisco, California.  FAC ¶¶ 2, 15.  She purchased the property
15 in June 2007 using funds borrowed from Residential Mortgage Capital
16 ("RMC").  Id. ¶ 15.  The loan terms provided for an original
17 principal balance of $990,000 with an interest rate fixed at 7.125
18 percent for a five-year introductory period and subject to
19 adjustment thereafter.  Id.  Plaintiff's initial monthly payment
20 was $3,437.  Id. ¶ 18.
21    As security for the loan, Plaintiff executed a deed of trust
22 on the property.  RJN Ex. 1 ("Deed of Trust").  The Deed of Trust

---

[1] Defendant asks the Court to take judicial notice of various documents pertaining to Plaintiff's loan.  ECF No. 20.  Plaintiff does not oppose the request.  While generally a court may not consider material beyond the facts alleged in the complaint when deciding a motion to dismiss, the Ninth Circuit has recognized an exception to this rule if "the plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  Here, because Plaintiff's claims depend on the contents of the documents in question and Plaintiff does not dispute their authenticity, the Court GRANTS Defendant's RJN.

2

identified RMC as the lender, Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary, and First National Title as trustee. Id. at 1. On July 27, 2007, Aurora wrote to Plaintiff advising her that Aurora was being assigned the servicing rights of her loan with RMC. RJN Ex. 2 ("Notice of Assignment").

In January 2009, Plaintiff contacted Aurora to request a loan modification because she was having difficulties making her loan payments. FAC ¶¶ 19, 20. In February 2009, she entered into a six-month forbearance agreement with Aurora, which provided that she would make lower monthly payments of $3,400 while her application for loan modification was reviewed. Id. ¶¶ 21. Plaintiff made the agreed upon payments, but her modification application was denied. Id.

On October 27, 2009, a Notice of Default was recorded by the substituted trustee, Cal-Western Reconveyance Corporation ("CWRC"). Id. ¶ 30; RJN Ex. 3. On January 28, 2010, a Notice of Trustee's Sale was issued by CWRC indicating that the property would be sold on February 17, 2010. Id. ¶ 31; RJN Ex. 4. For reasons unknown to the Court, the scheduled trustee's sale did not take place.

In February 2010, Plaintiff again entered into a six-month forbearance agreement with Aurora while Aurora again reviewed her request for a loan modification. Id. ¶ 22. Plaintiff made the agreed upon forbearance payments. Id. ¶ 23. In July 2010, at the end of the forbearance period, Plaintiff was informed that her request for modification had again been denied. Id. ¶ 24.

In August 2010, Plaintiff and Aurora executed a third and final forbearance agreement, which provided for Plaintiff to make an initial payment of $11,000 and make monthly payments of $4,885

3

through February 2011.[2]  Id. ¶ 25.  Plaintiff alleges that she made these payments through December 2010 and the payments were accepted by Aurora.  Id. ¶ 25.  She alleges that her January 2011 payment, however, was rejected and returned to her along with a letter stating that no August 2010 forbearance agreement existed.[3]  Id.  A Trustee Sale date was then set for January 10, 2011.  FAC ¶ 32.  The FAC does not address whether or not the sale took place.

On April 26, 2011, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of California.  RJN Ex. 7 ("Bankr. Pet."); Opp'n at 6.

In her FAC, Plaintiff asserts the following seven claims: (1) fraud; (2) violations of California Business and Professions Code § 17200 ("UCL"), et seq.; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of California Civil Code § 2923.5; (5) promissory estoppel; (6) negligence; and (7) misrepresentation.

In its Motion, Defendant argues that Plaintiff has failed to cure the pleading deficiencies in its original complaint and asks the Court to dismiss the FAC with prejudice.  Reply at 8.

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure

---

[2] Although not stated in the FAC, Plaintiff's Opposition states that these payments would have paid off Plaintiff's arrearage in full.  Opp'n at 3.

[3] Plaintiff's Opposition contradicts the allegation that Aurora accepted all payments until the January 2011 payment.  It states: "the Defendant frequently rejected the Plaintiff's payments under the Special Forbearance Agreement, claiming that no such agreement exi[s]ted."  Opp'n at 7.  Moreover, the portions of the FAC Plaintiff cites in support of this statement are entirely off point.

4

1  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.
2  Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based
3  on the lack of a cognizable legal theory or the absence of
4  sufficient facts alleged under a cognizable legal theory.
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
6  1990).  "When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they
8  plausibly give rise to an entitlement to relief."  Ashcroft v.
9  Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a
10  court must accept as true all of the allegations contained in a
11  complaint is inapplicable to legal conclusions.  Threadbare
12  recitals of the elements of a cause of action, supported by mere
13  conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1950
14  (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A
15  complaint need not contain "detailed factual allegations," but it
16  must provide more than an "unadorned, the-defendant-unlawfully-
17  harmed-me accusation."  Id. at 1949.  Thus, a motion to dismiss
18  should be granted if the plaintiff fails to proffer "enough facts
19  to . . . nudge[] [its] claims across the line from conceivable to
20  plausible."  Twombly, 550 U.S. at 570.

22  **IV.  DISCUSSION**
23       In its May 2011 Order, the Court held that Plaintiff had
24  failed to satisfy the notice requirement of Federal Rule of Civil
25  Procedure 8(a)(2) because her allegations lumped together Aurora
26  and fifty Doe defendants without specifying which actions were
27  allegedly taken by Aurora.  May 2011 Order at 7-8.  The Court also
28  held that Plaintiff had failed to plead sufficient facts to state a

plausible claim for relief under Iqbal. Id. at 9-10. In her FAC, Plaintiff has at least specified that all references to "Defendant" refer to Aurora, FAC ¶ 4, and has specified that each claim is asserted against Aurora in particular. See FAC. These changes, while minor, suffice to cure the "lumping" deficiency from which Plaintiff's initial complaint suffered.

Nevertheless, as Defendant argues, Plaintiff has pleaded no additional facts in her FAC. She has deleted several causes of action. Aside from this change, she has merely rearranged the order of the allegations from her original complaint. Thus, the same observation the Court made regarding the initial complaint applies to the FAC as well: "aside from the two-page section entitled 'Specific Allegations,' most of the . . . Complaint appears to contain boilerplate assertions untailored to the facts of this case." May 2011 Order at 9. Indeed, Kenneth Graham ("Graham"), Plaintiff's attorney, has used nearly identical complaints in a multitude of cases in this district. For example, the complaint filed by Graham in Melegrito v. Citimortgage, Inc., No. C-11-1765 LB, 2011 U.S. Dist. LEXIS 60447, is almost a word-for-word copy of the complaint and FAC filed in the instant case, except for the two-page "Specific Allegations" section. Id. at *3 n.2 (collecting cases in which Graham has filed nearly identical complaints).

As explained in detail below, the FAC, like its predecessor, fails to state a claim that is plausible on its face.

### A. Claims Pertaining to Origination of the Loan

Several of Plaintiff's claims allege misconduct in the origination of Plaintiff's loan. Defendant argues that all claims

6

pertaining to the origination of the loan should be dismissed because Plaintiff has pleaded no facts suggesting that Aurora was involved in the origination of the loan in any way. The Court agrees.

In its May 2011 Order, the Court stated "Plaintiff pleads no facts showing how Aurora . . . was involved in the origination of her loan. Instead, she alleges without factual support: 'Defendants may not have been directly involved in the origination of the Subject Loan, but . . . the actions of each party are imputed to the Defendants.'" May 2011 Order at 9. Plaintiff's FAC suffers from the same deficiency. Plaintiff alleges that Aurora was her loan servicer and "acquired the Subject Loan from RMC." FAC ¶ 16. She then alleges that "each Defendant, not directly or otherwise involved in the origination . . . [of] the Subject Loan, are liable, such as for example, liable as successors-in-interest." Id. ¶ 11. She pleads no facts to support the allegation that Aurora is the successor-in-interest of RMC. Such naked legal conclusions, unsupported by facts, fail to state a plausible claim under Iqbal.

Because the Court has already granted Plaintiff leave to amend her complaint once to address this shortcoming, the Court DISMISSES WITH PREJUDICE all of Plaintiff's claims pertaining to misconduct in the origination of her loan. Plaintiff's UCL claim, which is premised on allegations that Defendant made misleading statements "to induce Plaintiff to enter into the subject loan" and engaged in a wrongful practice of "recklessly granting subprime loans," is therefore DISMISSED WITH PREJUDICE. FAC ¶¶ 63, 64. Likewise, Plaintiff's negligence claim, which alleges that Plaintiff breached

7

its "duty of care to act as a reasonable lender in lending to Plaintiff and to not place Plaintiff into risky or unaffordable loan," is DISMISSED WITH PREJUDICE. FAC ¶ 87. Plaintiff's fraud and misrepresentation claims are based partially on alleged misconduct in June 2007 pertaining to the origination of her loan and partially on later alleged misconduct pertaining to the alleged August 2010 forbearance agreement. Plaintiff's fraud and misrepresentation allegations pertaining to the origination of her loan are DISMISSED WITH PREJUDICE. The Court addresses the fraud and misrepresentation allegations not related to the origination of the loan below.

### B. Fraud and Misrepresentation Claims

Having already dismissed Plaintiff's allegations of misconduct in connection with the origination of her loan, the Court now addresses Defendant's challenge to Plaintiff's remaining allegations of fraud and misrepresentation. The remaining basis for Plaintiff's fraud and misrepresentation claims is the allegation that Aurora falsely represented that there was no August 2010 forbearance agreement after already accepting payments pursuant to such an agreement. FAC ¶¶ 50, 97.

To state a claim for fraud under California law, Plaintiff must allege (1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). To state a claim for negligent misrepresentation, Plaintiff must allege: (1) a misrepresentation of material fact; (2) without a reasonable ground for believing it to be true; (3) with intent to induce the plaintiff's reliance on the fact

8

misrepresented; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the plaintiff; and (5) resulting damage. Shamsian v. Atlantic Richfield Co., 107 Cal. App. 4th 967, 983 (Ct. App. 2003). Aurora argues that Plaintiff has failed to plead these claims with the requisite specificity for claims sounding in fraud. Mot. at 11. The Court agrees.

Under Federal Rule of Civil Procedure 9(b), claims sounding in fraud are subject to a heightened pleading standard. "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). Here, Plaintiff alleges that in August 2010 she entered into a forbearance agreement with Aurora. She alleges that she made monthly payments in accordance with this agreement and that Aurora accepted these payments until January 2011. Her January 2011 payment was allegedly returned, along with a letter from Defendant stating that no forbearance agreement existed. Plaintiff alleges that the statement contained in the letter declaring that no forbearance agreement existed was false.

Plaintiff has pleaded what the alleged misstatement was, when it was made, and why it was allegedly false. She has not pleaded facts as to who made the alleged false statement. Plaintiff argues that she need not identify who made the statement because the heightened pleading standard is relaxed when "the defendant must necessarily possess full information concerning the facts of the controversy" or "when the facts lie more in the knowledge of the

opposite party." FAC ¶ 59; Opp'n at 8.[4] While this is a correct statement of law, Susilo v. Wells Fargo Bank, N.A., --- F. Supp. 2d ---, 2011 WL 2471167, at *10 (C.D. Cal. June 21, 2011), Plaintiff's attempt to invoke it here is peculiar given that Plaintiff allegedly received a letter containing the false statement at issue. If Plaintiff received such a letter, then she should be in possession of the requisite facts, including who wrote the letter.

Plaintiff has also failed to plead detrimental reliance with the requisite specificity. She simply alleges that "Defendant falsely represented that Plaintiff did not have August 2010 Agreement with Defendant," and that Plaintiff "relied on these statements" and by foregoing "other available options." FAC ¶¶ 52, 53. Such naked allegations are insufficient to satisfy Rule 9(b).

As the Court has already dismissed Plaintiff's complaint once for failure to plead sufficient facts to state a plausible claim, the Court DISMISSES WITH PREJUDICE Plaintiff's claims for fraud and misrepresentation.

**C.  Bad Faith Claim**

Plaintiff's third claim is for breach of the implied covenant of good faith and fair dealing. "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." Fortaleza v. PNC Fin. Servs. Group, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009). Plaintiff fails to plead the existence of a contract between herself and Aurora. Rather, she simply alleges that Aurora owed her a duty of good faith under

---

[4] This argument is primarily set forth in the FAC itself, and alluded to in Plaintiff's Opposition.

the "loan contracts." FAC ¶ 68. However, a loan servicer is not a party to the mortgage itself. Conder v. Home Sav. Of Am., 680 F. Supp. 2d 1168, 1174; see also Lomboy v. SCME Mortg. Bankers, No. C-09-1160 SC, 2009 U.S. Dist. LEXIS 44158, at *13 (N.D. Cal. May 26, 2009) ("As a loan servicer, Aurora is not a party to the deed of trust itself."). The Court therefore DISMISSES WITH PREJUDICE Plaintiff's claim for breach of the covenant of good faith and fair dealing.

### D. Violation of California Civil Code § 2923.5

Plaintiff's fourth claim alleges that Aurora violated sections 2923.5(b), 2923.5(a)(2), and 2923.5(g) of the California Civil Code. FAC ¶¶ 72-76.

Section 2923.5(a)(2) requires a "mortgagee, trustee, beneficiary, or authorized agent" seeking to file a notice of default to first contact the borrower in person or by telephone "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). The lender's obligations to "assess" the borrower's financial situation and "explore" options to avoid foreclosure can be satisfied by simply asking the borrower "why can't you make your payments?" and "telling the borrower the traditional ways that foreclosure can be avoided (e.g., deeds 'in lieu,' workouts, or short sales)." Mabry v. Super. Ct., 185 Cal. App. 4th 208, 232 (Ct. App. 2010).

Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5. Section 2923.5(g) provides that a notice of default may be filed even if the borrower has not been

11

contacted as required by section 2923.5(a)(2) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, trustee, beneficiary, or authorized agent.

Here, the Notice of Default clearly contains a declaration of compliance with section 2923.5 as required by section 2923.5(b). Notice of Default. Plaintiff's allegations that Defendant violated section 2923.5(b) therefore fail.

Defendant argues that Plaintiff's allegations that Defendant violated section 2923.5(a)(2) by failing to contact her to assess her financial situation and explore options to avoid foreclosure also fail because Plaintiff admits in her FAC that Aurora entered into at least two forbearance agreements with her. The Court agrees. Plaintiff's allegations that Defendant entered into multiple forbearance agreements with her and yet failed to satisfy its minimal obligations under 2923.5(a)(2) do not cross the line from conceivable to plausible as required by Iqbal.

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's claim for violation of section 2923.5.[5]

**E.  Promissory Estoppel**

In her promissory estoppel claim, Plaintiff reiterates her allegations that Defendant entered into a third forbearance agreement in August 2010 and then denied the existence of that agreement when Plaintiff tried to make her January 2011 payment. FAC ¶ 80. She further alleges that "Defendants broke a clear promise made to the Plaintiff not to foreclose upon the Subject Property, as long the Plaintiff made payments according to the

---

[5] The Court need not address Plaintiff's allegations that Defendant failed to satisfy its due diligence requirements under section 2923.5(g) because these requirements only pertain to situations in which section 2923.5(a)(2) is not satisfied.

12

Special Forbearance Agreement." Id. ¶ 81.

Defendant argues that Plaintiff's promissory estoppel claim should be dismissed because it is based on a promise allegedly contained in a special forbearance agreement between the parties. Defendant argues that any such agreement would have been an express contract, and a promissory estoppel claim cannot be premised on a bargain made as part of a contract. Opp'n at 15 (citing Philips Medical Capital, LLC v. Medical Insights Diagnostics Ctr., Inc., 471 F. Supp. 2d 1035 (N.D. Cal. 2007) ("[W]hen the promisee's reliance was bargained for, the law of consideration applies; and it is only where the reliance was unbargained for that there is room for application of the doctrine of promissory estoppel . . . [P]romissory estoppel has no application when parties have entered into an enforceable agreement.")) (internal citations omitted).

Plaintiff does not address Defendant's argument that the alleged promise cannot support a promissory estoppel claim because it was allegedly part of a contract. Rather, she cites Garcia v. World Savings, FSB, 183 Cal. App. 4th 1031, 1045 (Ct. App. 2010), for the proposition that "to be enforceable, a promise need only be definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." Opp'n at 10. Plaintiff argues that Defendant's promise to work with her on a loan modification once she made all her payments under the alleged August 2010 forbearance agreement met these requirements. Id.

It is unclear from Plaintiff's FAC whether she is alleging that Aurora promised not to foreclose on her property as part of

13

the alleged forbearance agreement, or whether the alleged promise was made separately from the agreement. Because of this pleading deficiency, the Court cannot determine whether Plaintiff's claim survives Defendant's challenge. What is clear, however, is that Plaintiff has again failed to plead sufficient facts to give rise to a plausible claim to relief. Because Plaintiff provides no details whatsoever about the alleged promise, which is not even mentioned until paragraph eighty-one of the FAC, she has failed to plead sufficient facts to state a plausible claim for promissory estoppel.

"[A] district court has broad discretion . . . to deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint." Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980). The Court has already granted Plaintiff leave to amend once, and Plaintiff's FAC shows little effort to rectify the rampant pleading deficiencies that plagued the original complaint. Instead, Plaintiff has rearranged the original complaint, deleted some portions, and re-filed essentially the same document. Accordingly, the Court will not grant Plaintiff leave to amend her promissory estoppel claim and DISMISSES the claim WITH PREJUDICE.

**F.   Motion to Expunge Lis Pendens**

Defendant moves the Court to expunge the lis pendens clouding title to the property at issue. "At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. Pursuant to California Code of Civil Procedure §§ 405.31 and 405.32, a court shall order that the

notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim" or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."

Because Plaintiff has failed to state a claim upon which relief may be granted, the pleading on which the lis pendens was based does not contain a real property claim. Accordingly, the Court ORDERS that the lis pendens shall be expunged in accordance with California Code of Civil Procedure §§ 405.31 and 405.32.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss filed by Defendant Aurora Loan Services, LLC and DISMISSES Plaintiff Estiva Corazon's First Amended Complaint in its entirety WITH PREJUDICE. The Court also GRANTS Defendant's Motion to Expunge Lis Pendens and ORDERS that Plaintiff's lis pendens shall be expunged in accordance with California Code of Civil Procedure §§ 405.31 and 405.32.

IT IS SO ORDERED.

Dated: August 30, 2011

UNITED STATES DISTRICT JUDGE